UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALTON STRICKLAND,<br>Defendant. | Case No. 11-cr-00203-PJH-1<br><br>**ORDER DENYING MOTION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM**<br><br>Re: Doc. No. 2 |

Before the court is the motion of defendant Alton Strickland for issuance of a writ ad prosequendum in order to compel service of a supervised release violation warrant. Doc. no. 2. Defendant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) in the District of Utah, No. 01-CR-00013-001-DB. He was sentenced to 130 months of imprisonment and 36 months of supervised release. Defendant's term of supervised release began on May 19, 2010. Jurisdiction of supervised release was transferred to this court on April 1, 2011. Although no Form 12 petition was filed on the docket, the District of Utah docket indicates that an arrest warrant was returned unexecuted and filed under seal on August 7, 2012.

Defendant is currently in state custody, and he seeks issuance of a writ of habeas corpus ad prosequendum to require the state to deliver him to this court to appear on alleged violations of his supervised release conditions. Defendant asserts that he currently has a U.S. Marshal's hold while in state custody, and that the hold is precluding him from program and housing assignments that are beneficial to his rehabilitative efforts and reintegration into society. He seeks resolution of the supervised release violation

1 and/or, alternatively, a federal sentence to be served concurrently with his state prison term pursuant to 18 U.S.C. § 3621(b). Defendant also seeks appointment of counsel to represent him on the motion for writ of habeas corpus ad prosequendum.

Because defendant is not entitled to have the court adjudicate the alleged violations of his conditions of supervised release while he is in state custody, his motion to compel issuance of a writ ad prosequendum is DENIED. Defendant's due process right to timely proceedings for revocation of supervised release is not triggered by his arrest or incarceration on state criminal charges. Where, as here, no federal warrant on a supervised release violation has been executed, due process concerns "are not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release." *United States v. Wickham*, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). *See United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (holding that a district court may postpone the federal adjudication of alleged supervised release violations until after the defendant is released from state custody). Because defendant does not raise cognizable grounds for issuance of a writ ad prosequendum, his request for appointment of counsel is also DENIED.

In support of his request to serve his federal sentence concurrently with his state sentence, defendant cites § 3621(b), which authorizes the Bureau of Prisons to designate the place of a prisoner's imprisonment, but his reliance on § 3621(b) is misplaced. Section 3621 "is not a sentencing provision but a place-of-confinement provision," and does not confer authority on the Bureau of Prisons to choose between concurrent and consecutive sentences. *Setser v. United States*, 566 U.S. 231, 239-40 (2012). While the court has discretionary authority at the time of sentencing to consider concurrent-vs.-consecutive terms, as well as time served in state custody, the issue of sentencing defendant is highly premature because the federal warrant remains unexecuted, and no supervised release violation proceedings have even been initiated. Accordingly,

2

defendant's request to serve his federal sentence concurrently with his current state prison term is DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge