United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALTON STRICKLAND,<br>Defendant. | Case No. 11-cr-00203-PJH-1<br><br>**ORDER DENYING MOTION TO DISMISS SUPERVISED RELEASE VIOLATION HOLD/WARRANT**<br><br>Re: Dkt. No. 8 |

Before the court is the motion of defendant Alton Strickland, appearing pro se, stating that he is currently in state custody and seeking dismissal of the pending hold/warrant and/or detainer against him for his supervised release violations. See Dkt. 8.

The instant motion to dismiss seeks the same relief that was sought in defendant's earlier filed motion to compel issuance of a writ of habeas corpus ad prosequendum to require the state to deliver him to this court to appear on alleged violations of his supervised release conditions (Dkt. 2) and motion for an order requiring defendant's appearance in court (Dkt. 6).

The court denied defendant's earlier filed motions on the ground that he is not entitled to have the court adjudicate the alleged violations of his conditions of supervised release while he is in state custody. See Dkt. 3, Dkt. 7. The same reasoning applies to the instant motion. Under Ninth Circuit authority, due process concerns "are not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a

sentence for a crime committed while on supervised release." United States v. Wickham, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979) (citing Moody v. Daggett, 429 U.S. 78 (1976)). See United States v. Garrett, 253 F.3d 443, 450 (9th Cir. 2001) (holding that a district court may postpone the federal adjudication of alleged supervised release violations until after the defendant is released from state custody). While defendant now phrases his motion as being based on "due diligence of law" rather than "due process," the analysis and result are the same – while defendant is in state custody, the adjudication of alleged federal supervised release violations may be postponed.

Accordingly, for the reasons set forth in the orders denying defendant's motion for writ of habeas corpus ad prosequendum (Dkt. 3) and denying defendant's motion for an order requiring a court appearance on his supervised release violations (Dkt. 7), the instant motion to dismiss the pending supervised release violation hold/warrant and/or detainer is DENIED. Any request for an evidentiary hearing is also denied.

**IT IS SO ORDERED.**

Dated: November 22, 2022

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge